Judge Maeshale
delivered the opinion of the Court.
This bill was filed by Smith to enjoin a judgment obtained against him by Wilder & Co., as assignees of a note for $300, executed to N. W. Buckner, for the last instalment of the price of a lot of ground in Louisville. The lot had been sold and a deed made to the complainant by N. W. Buckner as attorney in fact for L. J. Reardon, and Priscilla, his wife, of Arkansas, the fee being in the wife. But in consequence of the defective execution or authentication of the letter of attorney, a second deed in confirmation of the first, and con. veying the lot, was made and duly acknowledged by Reardon and wife in person. Both deeds recite a consideration of $800, “paid and secured to be paid.” The bill states that $500 of the purchase money was to have qeen paid in cash, and wras in fact raised on a note executed by the complainant to W. T. Spurrier who obtained the $500and paid it to N. W. Buckner; and that the remaining $300 were secured by the complainant’s note to N. W. Buckner, payable in twelve months,, which came by assignment to t.he defendants. The first named note is exhibited. The last is the foundation of the judgment prayed to be enjoined.
The bill suggests that the complainant is advised that if he should pay oif said debt and take up said note,, the-transaction-is such that he would not be able to show a release of the lien, and his title would remain under a cloud. He therefore prays that the money and interest due be received into Court and retained until Wilder, &c., the assignees, procure a release of the lien on said lot of land, and for an injunction to be perpetuated-on, final hearing. An amended bill charges that N. W. *95 Buckner,'to whom the note was executed, was mer'ely the agent of Reardon and. wife, and had no interest in the lot.
The lien of von*' dor for purchase' money, passes to the assignee of the note given ior the consider-^ alien, and is extinguished upon? ils final payment
Upon these bills, an injunction was granted, and a demurrer to the bills having been overruled, the only question presented by the record, is, whether the facts alleged make out a case calling for the interposition of a Court of Equity, by injunction or otherwise, to withhold the debt.
It is to he observed that although the bill prays that the money due on the note may be received into Court, &g., it does not appear to have been in fact paid or tendered in Court, or to have been in any manner placed in the bands of the chancellor. And as there is no suggestion that the vendors have refused or are unwilling to make any proper release or acquittance upon payment of the note being made, the case rests simply upon the assumed right of the purchaser to withhold payment from the assignees of the note for the purchase money, until they procure a release from the vendors of their equitable lien upon the lot. And as upon the allegations of the bills, the vendors have no lien, but whatever lien they once had, passed with the note to the assignees, and will be extinguished by payment to them, the whole equity of the case rests upon the suggestion that in the form in which the complainant made the transaction, his payment and possession of the note for the purchase money now in the hands of assignees who were no parties to the transaction and are not even alleged to have had any notice of its nature, will not of itself furnish evidence of the extinguishment of the lien. It is not suggested that the vendors assert any lien, or claim the-purchase money yet due, or that they will do so, nor is there any suggestion that they disavow the acts of their agent which are in effect confirmed by their deed, or that there is any real difficulty in proving that the payment of this note will discharge the debt for the lot and thus extinguish the lien, or that in the absence of such proof the complainant has suffer-' ed or will be subjected to any inconvenience-. There *96 can be no danger from the vendors, because in asserting a lien they must show some evidence of the debt,- and they have none, and can produce none. But as the deeds show that a part of the purchase money was unpaid at their date, it may be that should the vendee desire to sell the lot, he may be called on to show that it has been fully paid for. And because in the form ih1 which he placet! the transaction, there may - be some trouble and perhaps expense in showing this to the saU isfaction of others, he claims that this trouble and expense shall be incurred for his benefit, bv the holders of the note for the purchase money before they shall be allowed to collect it. We know of no precedent for such-a claim, and are of opinion that it has no foundation inequity.
Where n eon* veranee hn«s been made oí land, ex pressing on its lace to be for a couside ration “paid and secured to be paid,” the vendee cannot withheld the purchase money unpaid, and ie* quire a release or conveyance, expressing full payment, upon the mere suggestion ol the fact that the convey anee made does not show full pajmeuu
Even in the case of a mortgage which creates an ex-' press lien and in fact conveys the legal title, we have never heard of a judgment at law for the mortgage debt being enjoined until the mortgage should be re-' leased, and simply on the ground that it was a cloud or-incumbrance on the title. The vendors implied lien, a mere creature of equity for the prevention of injustice,is a much thinner cloud and vanishes altogether upon payment of the purchase money. It may be that after payment of the price, the vendee might under proper circumstancesmaintain a bill for a release or other evidence of the extinguishment, of the lien. Audit is possible that there might be circumstances which would justify the chancellor in preventing the coercion of the-money until a- release or other sufficient acquittance should be ready for delivery. But the mere existence of the lien created in equity-for the very purpose of securing payment and which is ipso facto extinguished by payment, cannot of itself be a sufficient ground for enjoining the collection of the money until the lien is released. .The deeds in this case showing that the .sale was made by N. W. Buckner for the vendors, Reardon and wife, render it just as easy to identify this note with the price of the lot as if it had been executed to the vendors themselves; and there is no more ground for *97 enjoiuing the judgment, than there would have been if the note had been so executed. There are no peculiar circumstances of equity in this case.
Fry and Page for appellants; Speed for appellee^
Wherefore, the decree is reversed, and the cause ret manded with directions to sustain the demurrer and dismiss the bill, unless upon leave it should be so amended as to present a case for the interposition of the Chancellor.